UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MELVIN R. LYTTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-00153-JMS-DLP |
| ) | |
| MARK S. INCH, Acting Director Federal ) | |
| Federal Bureau of Prisons,[1] ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Defendant's Motion for Summary Judgment
And Directing Entry of Final Judgment**

Plaintiff Melvin R. Lyttle is an inmate confined at the Federal Prison Camp (FPC) in Terre Haute, Indiana. He was convicted of mail and wire fraud, money laundering and related conspiracies. Mr. Lyttle is serving a 14-year term of imprisonment. His projected release date is November 10, 2021, assuming he receives good time credits.

He brings this action pursuant to the Administrative Procedures Act (APA), 5 U.S.C. §§ 702, 706. The defendant is Mark S. Inch, Director of the Federal Bureau of Prisons, in his official capacity, hereinafter BOP. The BOP has allegedly denied Mr. Lyttle placement in a halfway house, home confinement, or Residential Reentry Center (RRC) and abused its discretion in applying 18 U.S.C. § 3624(c) (the Second Chance Act). The Second Chance Act enlarges the maximum time a prisoner may spend in a halfway house from six months to twelve months. It also gives the BOP authority to place a prisoner in home confinement for the shorter

---

[1] Mark S. Inch assumed the position of Director of the Federal Bureau of Prisons on September 18, 2017. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted as the proper defendant. The **clerk is directed** to update the docket to reflect this substitution.

of 10 percent of the term of imprisonment of that prisoner or six months.

In this action, Mr. Lyttle seeks immediate release to a RRC.

The BOP argues that it is entitled to summary judgment because Mr. Lyttle's claim is premature and because the BOP's decision is not subject to review under the APA. Mr. Lyttle opposes this motion.

For the reasons explained below, the BOP's motion for summary judgment, dkt [21], is **granted.**

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

## II. Undisputed Facts

Mr. Lyttle was sentenced in the Western District of New York on October 29, 2010, to 168 months, or 14 years imprisonment. Mr. Lyttle is currently incarcerated at the FPC and his projected release date is November 10, 2021, assuming he receives good time credits.

## III. Discussion

The BOP argues that Mr. Lyttle's claim for RRC review and placement is premature because Mr. Lyttle is more than three years away from the completion of his sentence. In response, Mr. Lyttle argues that the evidence submitted by the BOP does not use "the pertinent rules for credits in BOP policy." Dkt 24 at 2. Mr. Lyttle explains that he is entitled to 12 months placement in an RRC or halfway house plus 16 months in home confinement (10 percent of his 168 month sentence). He is mistaken.

Under 18 U.S.C. § 3624(c), the BOP is charged with preparing prisoners who are approaching the end of their sentences for re-entry into society. The BOP is obligated to consider placing an inmate in an RRC during the final portion of their sentence for up to twelve months. Title 18 U.S.C.A. § 3624(c) provides for prerelease custody:

> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. § 3624(c).

Mr. Lyttle is not entitled to any placement under § 3624(c). Instead this statute gives the BOP discretion to place Mr. Lyttle in a community correctional facility for no more than 12 months and in home confinement for no more than 6 months. Any determination must be made in a manner consistent with the five factors in § 3621(b).[2] 18 U.S.C. § 3624(c); 28 C.F.R. § 570.22.

---

[2] 18 U.S.C.A. § 3621 provides:

Mr. Lyttle is more than three years away from the completion of his sentence, and the BOP has no current obligation to consider him for a redesignation to an RRC or halfway house. Courts have held that the BOP is not required to consider the factors in § 3621(b) unless and until it actually decides to transfer an inmate. *See, e.g., Miller v. Whitehead*, 527 F.3d 752, 757 (8th Cir. 2008) ("[A]n inmate is [not] entitled to a full-blown analysis of a request to transfer, involving individualized consideration of all five factors in § 3621(b), whenever the inmate chooses to make such a request."); *Muniz v. Sabol*, 517 F.3d 29, 36 n.14 (1st Cir. 2008), *cert. denied,* 555 U.S. 853 (2008) (holding that § 3621(b) factors need not be considered until the BOP has decided to transfer a prisoner because "Congress surely did not intend" that "the BOP would never be free to decline a transfer request without considering the five factors"). There is no basis to conclude that the BOP has unlawfully withheld or unreasonably delayed a decision regarding where Mr. Lyttle should spend the last few months of his sentence. The BOP is entitled to judgment as a matter of law on this basis.

In addition, this Court does not have the authority to review the BOP's placement

---

b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

   (1) the resources of the facility contemplated;
   (2) the nature and circumstances of the offense;
   (3) the history and characteristics of the prisoner;
   (4) any statement by the court that imposed the sentence--
       (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
       (B) recommending a type of penal or correctional facility as appropriate; and
   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

decision. Under the APA, "a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action, within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702. The APA does not apply, however, when a statute precludes judicial review. 5 U.S.C. § 701(a)(1). That is the case here. Title 18 U.S.C. § 3625 prohibits this Court from reviewing where the BOP has placed Mr. Lyttle under the Second Chance Act. "A placement decision itself is not open to challenge under the APA." *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004).

In his response in opposition to the motion for summary judgment Mr. Lyttle appears to object to the BOP's failure to address his argument raised in his complaint that 28 C.F.R. § 570.21 is an improper categorical determination. Mr. Lyttle argues that every Court of Appeals that has considered 28 C.F.R § 570.21's validity has rejected it. Mr. Lyttle argues that he is entitled to an individualized determination in accordance with 18 U.S.C. § 3621, but has been denied that determination by 28 C.F.R. § 570.21. Mr. Lyttle is mistaken.

> 28 C.F.R. § 570.21 (effective October 21, 2008), states in relevant part:
>
> (a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
> (b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.

This regulation directly mirrors the statutory authority.

The flaw in Mr. Lyttle's argument is that this regulation was amended in October of 2008. This Court is not aware of any case law that has found this provision to be invalid after it was amended in October of 2008. The cases cited by Mr. Lyttle all involve the regulation's prior

language. *Rodriguez v. Smith*, 541 F.3d 1180, 1181 (9th Cir. Sept. 4, 2008) (concluding that "the BOP's categorical exercise of discretion as promulgated in 28 C.F.R §§ 570.20 and 570.21 violates Congress's intention regarding the statutory inmate placement and transfer considerations the BOP must undertake. . . ."); *Richmond*, 387 F.3d at 605 (discussing prior version of 28 C.F.R. 570.21).

Mr. Lyttle's arguments contesting the rules that were used to decide where he should be placed during the last few months of his prison sentence are not based on current regulations and thus he is not entitled to relief. Accordingly, the BOP is entitled to judgement as a matter of law.

### IV. Conclusion

In conclusion, Mr. Lyttle's request for placement in RRC or a halfway house is premature and this Court is without authority to review the BOP's placement decision as to Mr. Lyttle. The current regulations interpreting the Second Chance Act are not invalid. It is for these reasons that the BOP is entitled to judgment as a matter of law.

The motion for summary judgment, dkt [21], is **granted.** Mr. Lyttle is not entitled to any relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/21/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MELVIN R. LYTTLE
07962-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov